**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

In the Interest of James F., a Juvenile Under the Age of Seventeen, Appellant.

Appellate Case No. 2012-213534

———————

Appeal From Richland County
W. Thomas Sprott, Jr., Family Court Judge

———————

Unpublished Opinion No. 2015-UP-005
Submitted November 1, 2014 – Filed January 7, 2015

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General William M. Blitch, Jr., and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 17-23-175(A) (2014) ("In a . . . delinquency proceeding in family court, an out-of-court statement of a child is admissible if . . .

the child testifies at the proceeding and is subject to cross-[]examination . . . ."); *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004) ("[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements."); *Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) ("[T]he right to confrontation is a *trial* right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination.").

**AFFIRMED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.